Ekwan E. Rhow – Bar No. 174604
  eer@birdmarella.com
Hernan D. Vera – Bar No. 175149
  hdv@birdmarella.com
David H. Chao – Bar No. 273953
  dhc@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, CA  90067-2561
Telephone:  (310) 201-2100
Facsimile:  (310) 201-2110

Attorneys for Plaintiff
PUBLIC STORAGE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PUBLIC STORAGE, a Maryland real estate investment trust,<br><br>                Plaintiff,<br><br>v.<br><br>MARCHEX VOICE SERVICES, INC., a Pennsylvania corporation; MARCHEX SALES LLC, a Delaware corporation; FELIX CALLS LLC, a Delaware corporation; CITYGRID MEDIA LLC, a Delaware corporation; AND DOES 1-10.<br><br>                Defendants. | Case No.:  2:15-CV-2470<br>**Complaint For:**<br><br>**(1) Federal Service Mark Infringement**<br>**(2) Federal Service Mark Dilution**<br>**(3) False Designation Of Origin**<br>**(4) Common Law Trademark Infringement**<br>**(5) Breach Of Contract**<br>**(6) Intentional Interference With Prospective Economic Advantage**<br>**(7) Negligent Interference With Prospective Economic Advantage**<br>**(8) Violation of Cal. Bus. & Prof. Code § 17200**<br><br>**Demand For Jury Trial** |

133439.1

Plaintiff Public Storage ("Plaintiff"), by and through its attorneys of record, alleges as follows against Marchex Voice Services, Inc. and Marchex Sales LLC (collectively, "Marchex"), and Felix Calls LLC and CityGrid Media LLC (collectively, "Felix") (all four entities collectively "Defendants"):

## INTRODUCTION

1.      This action arises out of Defendants' willful infringement of Plaintiff's Service Mark.  Although Marchex was hired and paid by Plaintiff to generate additional "qualified calls" to Plaintiff through a series of approved Internet advertising sources, it has done the exact opposite.  In direct contravention of its contract with Plaintiff, Marchex engaged the services of Felix purportedly to assist in fulfilling the terms of Marchex's contract with Plaintiff.  Instead, Felix embarked on a fraudulent scheme to violate Plaintiff's Service Mark by interfering with the search results for the term "Public Storage" on Yahoo! and other search engines, thereby misdirecting Internet customers, who otherwise could have directly contacted Public Storage, to a third party site not affiliated with Plaintiff. In so doing, Marchex and Felix have decreased the overall number of potential Public Storage customers and siphoned off business to competitors.

2.      The motive for Felix and Marchex was profit.  By unlawfully routing potential customers through an unauthorized website, Marchex improperly inflated the number of qualified calls under the parties' contract.  On information and belief, Marchex and Felix also profited from business generated for Plaintiff's competitors.

3.      Upon discovering Defendants' wrongful conduct, Plaintiff demanded that Defendants cease and desist the offending actions.  To date, however, much of the harm resulting from Plaintiff's unlawful violations continue.

/ / /

/ / /

/ / /

COMPLAINT

1

**THE PARTIES**

2      4.      Plaintiff Public Storage, is a real estate investment trust formed under

3  the laws of the State of Maryland with its principal place of business in Glendale,

4  California.  A respected and trusted leader in the self-storage industry, Plaintiff

5  operates more than 2,200 company-owned locations throughout the United States.

6      5.      Defendant Marchex Voice Services, Inc. is a Pennsylvania

7  corporation with its principal place of business in Philadelphia.

8      6.      Defendant Marchex Sales LLC (f/k/a MDNH, Inc.) is a Delaware

9  corporation, with its principal offices in Nevada.

10     7.      Defendant Felix Calls LLC is a Delaware corporation with its

11  principal place of business in New York.

12     8.      Defendant CityGrid Media LLC is a Delaware corporation with its

13  principal place of business in West Hollywood, California.

14     9.      Upon information and belief, various other entities, denoted here as

15  Defendants Does 1-10, have assisted or acted in concert with Defendants in

16  committing the wrongful acts alleged herein.  The identities of the Doe Defendants

17  are not presently known.  If the identities of these parties become known, Plaintiff

18  will amend the Complaint to include the names of these additional entities.

19     10.     Plaintiff is informed and believes, and on that basis alleges, that at all

20  relevant times mentioned in this Complaint, Defendants and each of them, were

21  acting in concert and active participation with each other in committing the

22  wrongful acts alleged herein, and were the agents of each other and were acting

23  within the scope and authority of that agency and with the knowledge, consent, and

24  approval of one another.

25  / / /

26  / / /

27  / / /

28  / / /

## JURISDICTION AND VENUE

11.     This Court has personal jurisdiction over Defendants because each of these Defendants targets customers in the Central District of California, conducts business in the Central District of California, and/or has otherwise works with companies in the Central District of California.

12.     This Court has subject matter jurisdiction over the first three claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because they arise under the Lanham Act, 15 U.S.C. § 1051 et seq.  The Court has supplemental subject matter jurisdiction over the remaining claims for relief under 28 U.S.C. § 1367 because they are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy under Article III of the United States Constitution.

13.     Venue is proper in the Central District of California under 28 U.S.C. §§ 1391 and 1400 because Defendants transact business in the Central District of California and may otherwise be found in this district, and a substantial part of the events giving rise to this litigation occurred in the Central District of California.

## GENERAL ALLEGATIONS

14.     Plaintiff has caused certain marks to be registered in the United States Patent and Trademark Office on the Principal Register.  Specifically, Plaintiff has registered the service mark, "Public Storage" (Registration Number 1132868, U.S. Serial Number 73190364) (hereinafter, the "PUBLIC STORAGE Service Mark"), which is valid and subsisting.

15.     Founded in 2003, Marchex describes itself as a "leader in mobile advertising technology" and operates several subsidiaries – including Defendant Marchex Voice Services, Inc. and Defendant Marchex Sales LLC – to provide call analytics, generate data-driven Internet advertising campaigns, and generate new customer leads for businesses.

16.     On or about March 12, 2009, Plaintiff executed an Advertiser

1   Insertion Order with Marchex to, among other things, "drive qualified calls to
2   Public Storage" (the "Agreement").  A true and correct copy of the Agreement is
3   attached as Exhibit A.  A "qualified call" is defined in the Agreement as a call that
4   lasts more than 15 seconds.

5          17.    Under the Agreement, Marchex is authorized to use a mix of different
6   Internet advertising protocols, but must notify Plaintiff in the event that the
7   distribution of advertising "changes in any material respect."  The Agreement
8   further provides that Marchex "will not use sponsored listings from Google,
9   Yahoo, MSN, or IYP Web sites (i.e., for example Superpages.com,
10  DexKnows.com but not limited to) to directly drive calls to Public Storage."

11         18.    The Agreement provides for payment to Marchex for each qualified
12  call that it generates through its services.

13         19.    In March 2015, Plaintiff discovered that Internet searches for the term
14  "Public Storage" on Yahoo! and other search engines were yielding results that
15  prominently displayed the PUBLIC STORAGE Service Mark, but in close
16  proximity included a fraudulent link to the website "StorageReserve.com."  This
17  website – operated by Defendant Felix – purports to be a directory of participating
18  self-storage companies.  In the listings for Public Storage locations, the website
19  also lists a telephone number not affiliated with Public Storage.

20         20.    For instance, a screenshot of a search of "Public Storage" performed
21  on Yahoo! on March 29, 2015, yields the following image (with the red circle
22  added for emphasis):
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

COMPLAINT
4



21.    Plaintiff is informed and believes that Felix has injected false data into the search engine to create the type of deceptive search results shown above ("misdirected search results").

22.    Plaintiff is informed and believes that Felix operates the StorageReserve.com website, that Felix derives advertising revenue from the website, and that Felix receives a "per call" fee from other storage companies for calls they receive that are generated from the site.  Plaintiff is further informed and believes that Felix has received additional revenue for calls by customers who searched for "Public Storage," clicked on StorageReserve.com, and ultimately called another self-storage provider.

23.    Plaintiff is also informed and believes that Marchex engaged the services of Felix to generate leads for Plaintiff's account, and that it knew or

1  reasonably should have known that Felix's actions were violating Plaintiff's

2  Service Mark.

3      24.    At no time did Plaintiff authorize the use of its PUBLIC STORAGE

4  Service Mark in connection with the content of these search results or the website

5  StorageReserve.com.

6      25.    And at no time did Plaintiff, pursuant to the Agreement, authorize

7  Marchex to use Felix to perform any advertising-related services on Plaintiff's

8  account.

9      26.    On or about March 26, 2015, immediately upon learning of

10  Defendants' offending conduct described above, Plaintiff wrote to Felix and

11  demanded that it cease and desist.   A true and correct copy of this letter is attached

12  as Exhibit B.   A similar cease and desist letter dated March 27, 2015 was sent

13  from Plaintiff's counsel to officers of Marchex.   A true and correct copy of this

14  letter is attached as Exhibit C.

15      27.    Substantial harm to Plaintiff continues to accrue in multiple ways,

16  including but not limited to the following:

17          (a) Creation of inconsistent data records maintained by various search

18  engines for Plaintiff's local offices, which negatively affect the search visibility

19  and optimization for these businesses.  For example, dozens of listings referencing

20  Plaintiff's local offices on various search engines have been corrupted with

21  inaccurate data about the company, URL, telephone number, city, and/or zip code.

22          (b) Significant harm to good will and reputation as a result of

23  customer confusion and service mark infringement and dilution.

24          (c) Loss of business opportunities as a result of intentional

25  misdirection of Internet traffic.

26  / / /

27  / / /

28  / / /

# FIRST CLAIM FOR RELIEF

**Service Mark Infringement Under the Lanham Act, 15 U.S.C. § 1114(a)**

**(Against All Defendants)**

28.     Plaintiff repeats the allegations contained in Paragraphs 1 through 27 above as if set forth in full.

29.     Plaintiff owns the PUBLIC STORAGE Service Mark.

30.     The PUBLIC STORAGE Service Mark is valid and enforceable.

31.     Defendants have infringed the PUBLIC STORAGE Service Mark in violation of 15 U.S.C. § 1114(a), by unlawfully and without consent using the PUBLIC STORAGE Service Mark in connection with the misdirected search results and the website StorageReserve.com.

32.     Defendants' offending conduct has occurred in, or in a manner affecting, interstate commerce, and is likely to cause confusion or mistake, or to deceive the relevant consuming public, regarding the source or sponsorship of the listings in the StorageReserve.com website and/or other listings on the Internet.

33.     As a direct and proximate result of Defendants' offending conduct, Plaintiff has suffered and will continue to suffer irreparable injury as described above.  Plaintiff has no adequate remedy at law.  Plaintiff is therefore entitled to injunctive relief ordering Defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them to take all necessary steps to cure the corrupted listings for Plaintiff's offices across various search engines.

34.     Defendants' offending conduct was done willfully and with oppression, fraud and malice toward Plaintiff, with the intention of injuring Plaintiff and damaging Plaintiff's lawful business, and to trade on Plaintiff's good will and reputation.  Plaintiff is therefore entitled to a monetary recovery, including, without limitation: (1) Defendants' profits derived from the offending conduct, (2) Plaintiff's damages, trebled pursuant to 15 U.S.C. § 1117(a), (3) the costs of the suit, and (4) reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF

### Service Mark Dilution Under the Lanham Act, 15 U.S.C. § 1125(c)

### (Against All Defendants)

35.     Plaintiff repeats the allegations contained in Paragraphs 1 through 34 above as if set forth in full.

36.     Plaintiff has used its PUBLIC STORAGE Service Mark in interstate commerce for decades to identify its products and services.

37.     By virtue of Plaintiff's long and continuous use of the PUBLIC STORAGE Service Mark in interstate commerce, the Mark has become and continues to be distinctive and "famous" within the meaning of 15 U.S.C. § 1125(c).

38.     Defendants' use of the PUBLIC STORAGE Service Mark began after the Mark became famous.

39.     Upon information and belief, by using the PUBLIC STORAGE Service Mark in connection with the StorageReserve.com website, Defendants have diluted, and will continue to dilute, the distinctive quality of the PUBLIC STORAGE Service Mark by lessening its capacity to identify Plaintiff's products and services in violation of the Federal Anti-Dilution Act, 15 U.S.C. § 1125(c).

40.     As a direct and proximate result of Defendants' offending conduct, Plaintiff has suffered and will continue to suffer irreparable injury as described above.  Plaintiff has no adequate remedy at law.  Plaintiff is therefore entitled to injunctive relief ordering Defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them to take all necessary steps to cure the corrupted listings for Plaintiff's offices across various search engines.

/ / /

/ / /

/ / /

/ / /

3146436.3

133439.1

41.     Defendants' offending conduct was done willfully and with oppression, fraud and malice toward Plaintiff, with the intention of injuring Plaintiff and damaging Plaintiff's lawful business, and to trade on Plaintiff's good will and reputation.  Plaintiff is therefore entitled to a monetary recovery, including, without limitation: (1) Defendants' profits derived from the offending conduct, (2) Plaintiff's damages, trebled pursuant to 15 U.S.C. § 1117(a), (3) the costs of the suit, and (4) reasonable attorneys' fees.

## THIRD CLAIM FOR RELIEF

**False Designation of Origin and Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125(a)**

**(Against All Defendants)**

42.     Plaintiff repeats the allegations contained in Paragraphs 1 through 41 above as if set forth in full.

43.     Defendants' offending conduct also constitutes false designation of origin and unfair competition in violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a).

44.     Defendants' offending conduct has occurred in, or in a manner affecting, interstate commerce, and is likely to cause confusion, mistake or deception on the part of the public as to the affiliation, sponsorship, connection or association of Plaintiff with the StorageReserve.com website and/or other listings on the Internet, or as to the approval of the StorageReserve.com website and/or other listings on the Internet by Plaintiff.  Furthermore, Defendants' offending conduct is a violation of 15 U.S.C. § 1125(a) in that it intentionally misled, confused, and deceived consumers into believing that Plaintiff has approved, endorsed, or sponsored the StorageReserve.com website and/or other listings on the Internet.

/ / /

/ / /

45.     Defendants' offending conduct threatens to, and in fact has and will continue to degrade and negatively alter the valuable and respected brand of Public Storage in which Plaintiff has invested substantial sums to create, cultivate, and protect.

46.     As a direct and proximate result of Defendants' offending conduct, Plaintiff has suffered and will continue to suffer irreparable injury as described above.  Plaintiff has no adequate remedy at law.  Plaintiff is therefore entitled to injunctive relief ordering Defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them to take all necessary steps to cure the corrupted listings for Plaintiff's offices across various search engines.

47.     Plaintiff is informed and believes that Defendants have profited from their offending conduct, and Plaintiff is therefore entitled to recover damages in an amount to be proven at trial.

48.     Defendants' offending conduct was done willfully and with oppression, fraud and malice toward Plaintiff, with the intention of injuring Plaintiff and damaging Plaintiff's lawful business, and to trade on Plaintiff's good will and reputation.  Plaintiff is therefore entitled to a monetary recovery, including, without limitation: (1) Defendants' profits derived from the offending conduct, (2) Plaintiff's damages, trebled pursuant to 15 U.S.C. § 1117(a), (3) the costs of the suit, and (4) reasonable attorneys' fees.

## FOURTH CLAIM FOR RELIEF

### Common Law Trademark Infringement

### (Against All Defendants)

49.     Plaintiff repeats the allegations contained in Paragraphs 1 through 48 above as if set forth in full.

50.     Plaintiff has valid and protectable common law rights in the PUBLIC STORAGE Service Mark.

51.     Plaintiff is the senior owner of the PUBLIC STORAGE Service Mark.

52.     By Defendants' offending conduct, Defendants have infringed Plaintiff's common law rights in the PUBLIC STORAGE Service Mark.

53.     Defendants' unauthorized use of the PUBLIC STORAGE Service Mark was conducted in connection with the sale, distribution, offering for sale, or advertising of goods and services in California commerce.  Defendants' unauthorized use of the PUBLIC STORAGE Service Mark is likely to cause confusion or mistake, or to deceive the relevant consuming public, regarding the source or sponsorship of the listings in the StorageReserve.com website and/or other listings on the Internet.

54.     Defendants' offending conduct has permitted it to receive substantial profits based on the strength of the reputation and the substantial goodwill of the PUBLIC STORAGE Service Mark.

55.     As a direct and proximate result of Defendants' offending conduct, Plaintiff has suffered and will continue to suffer irreparable injury as described above.  Plaintiff has no adequate remedy at law.  Plaintiff is therefore entitled to injunctive relief ordering Defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them to take all necessary steps to cure the corrupted listings for Plaintiff's offices across various search engines.

56.     Plaintiff is also entitled to a monetary recovery in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### Breach of Contract

### (Against the Marchex Defendants)

57.     Plaintiff repeats the allegations contained in Paragraphs 1 through 56 above as if set forth in full.

58.     Plaintiff and Marchex executed the Agreement on March 12, 2009.  *See* Exhibit A.

/ / /

1   59.     Plaintiff has substantially performed all of its obligations under the

2   Agreement, which is valid and enforceable.

3   60.     Marchex breached the Agreement by, among other actions, engaging

4   the services of Felix without the prior notification or authorization of Plaintiff,

5   providing Felix and other third parties with proprietary information and data that

6   allowed Felix to corrupt the search results discussed above, using sponsored

7   listings on Yahoo! and other search engines to drive traffic away from Plaintiff,

8   and inflating the number of qualified calls under the parties' contract.

9   61.     As a direct and proximate result of Marchex's breach, Plaintiff has

10  been damaged in an amount to be proven at trial.

11  **<u>SIXTH CLAIM FOR RELIEF</u>**

12  **Intentional Interference With Prospective Economic Advantage**

13  **(Against All Defendants)**

14  62.     Plaintiff repeats the allegations contained in Paragraphs 1 through 61

15  above as if set forth in full.

16  63.     At all relevant times, Plaintiff has had economic relationships with

17  customers.

18  64.     Plaintiff has a legitimate expectation of deriving future economic

19  benefit from its existing and potential customers.

20  65.     Defendants knew of the economic relationships between Plaintiff and

21  its customers, and the prospective economic advantage Plaintiff derives from those

22  relationships.

23  66.     By their offending conduct, Defendants intentionally disrupted those

24  economic relationships, without justification or privilege, constituting interference

25  with prospective economic advantage.

26  / / /

27  / / /

28  / / /

67.    As set forth above, Defendants have used unlawful methods to disrupt Plaintiff's economic relationships with its customers, including violations of federal and common trademark law, rendering Defendants' conduct wrongful beyond the acts of interference themselves.

68.    Defendants have tortiously interfered with Plaintiff's customer base, wrongfully targeting those same customers, attempting to sell confusingly similar products and services, all while using Plaintiff's PUBLIC STORAGE Service Mark.

69.    Defendants' misconduct has caused economic harm to Plaintiff by, among other things, wrongfully diverting customers and prospective customers, and others to the products and services sold by third parties.

70.    As a direct and proximate result of Defendants' offending conduct, Defendants have profited, whereas Plaintiff has suffered and will continue to suffer irreparable injury as described above.  Plaintiff has no adequate remedy at law.  Unless injunctive relief is granted as prayed for herein, Defendants will continue to injure Plaintiff's prospective business relationships.  Plaintiff is therefore entitled to injunctive relief ordering Defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them to take all necessary steps to cure the corrupted listings for Plaintiff's offices across various search engines.

71.    Defendants' offending conduct was done willfully and with oppression, fraud and malice toward Plaintiff, with the intention of injuring Plaintiff and damaging Plaintiff's lawful business, and to trade on Plaintiff's good will and reputation.  Plaintiff is therefore entitled to a monetary recovery, including, without limitation, compensatory damages and punitive damages pursuant to California Civil Code § 3294.

/ / /

/ / /

/ / /

## SEVENTH CLAIM FOR RELIEF

### Negligent Interference With Prospective Economic Advantage

### (Against All Defendants)

72.    Plaintiff repeats the allegations contained in Paragraphs 1 through 71 above as if set forth in full.

73.    At all relevant times, Plaintiff has had economic relationships with their customers.

74.    Plaintiff has a legitimate expectation of deriving future economic benefit from its existing and potential customers.

75.    Defendants knew of the economic relationships between Plaintiff and its customers and potential customers, and the prospective economic advantage Plaintiff derives from those relationships.

76.    Defendants knew or in the exercise of reasonable care should have known that their offending conduct would disrupt and interfere with Plaintiff's economic relationships with prospective and existing customers and the prospective economic benefits resulting from those relationships.

77.    In utilizing Plaintiff's PUBLIC STORAGE Service Mark in conjunction with the marketing and sale of competing products and services, without Plaintiff's authorization, Defendants, and each of them, caused economic harm to Plaintiff by diverting customers and prospective customers and others to the products and services sold by third parties.

78.    As a direct and proximate result of Defendants' offending conduct, Defendants have profited, whereas Plaintiff has suffered and will continue to suffer irreparable injury as described above.  Plaintiff has no adequate remedy at law.  Unless injunctive relief is granted as prayed for herein, Defendants will continue to injure Plaintiff's prospective business relationships.  Plaintiff is therefore entitled to injunctive relief ordering Defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them to take all necessary steps to

1  cure the corrupted listings for Plaintiff's offices across various search engines.

2      79.    Plaintiff is also entitled to a monetary recovery in an amount to be

3  proven at trial.

4                    **EIGHTH CLAIM FOR RELIEF**

5                  **Cal. Bus. & Prof. Code § 17200**

6                      **(Against All Defendants)**

7      80.    Plaintiff repeats the allegations contained in Paragraphs 1 through 79

8  above as if set forth in full.

9      81.    Defendants' offending conduct as alleged herein constituted a series

10 of unfair, unlawful, and fraudulent business practices in violation of California

11 Business & Professions Code § 17200 et seq.

12     82.    As a direct and proximate result of Defendants' offending conduct,

13 Defendants have profited, whereas Plaintiff has suffered and will continue to suffer

14 irreparable injury as described above.  Plaintiff has no adequate remedy at law.

15 Unless injunctive relief is granted as prayed for herein, Defendants will continue to

16 injure Plaintiff's prospective business relationships.  Plaintiff is therefore entitled

17 to injunctive relief ordering Defendants, their agents, servants, employees, and

18 attorneys and all persons acting in concert with them to take all necessary steps to

19 cure the corrupted listings for Plaintiff's offices across various search engines.

20     83.    Plaintiff is also entitled to restitution in an amount to be proven at

21 trial.

22                    **PRAYER FOR RELIEF**

23     WHEREFORE, Plaintiff prays for judgment:

24     A.     Granting injunctive relief ordering Defendants, their agents, servants,

25 employees, and attorneys and all those acting in concert with them to take all

26 necessary steps to cure the corrupted listings for Plaintiff's offices across various

27 search engines;

28     B.     Awarding Plaintiff its damages and/or Defendants' profits from their

1    knowing and willful infringement and/or dilution pursuant to 15 U.S.C. § 1117(a);

2        C.    Awarding Plaintiff multiplied or treble damages, treble profits and/or

3    statutory damages pursuant to 15 U.S.C. §§ 1117(b) and (c);

4        D.    Awarding Plaintiff punitive damages in an amount to be determined

5    by the trier of fact in this action;

6        E.    Awarding Plaintiff its costs of this action including its reasonable

7    attorneys' fees; and

8        F.    Granting such other and further relief as to this Court deems just and

9    proper.

10

11                                      Respectfully submitted,

12   Dated:  April 3, 2015             Ekwan E. Rhow
13                                      Hernan D. Vera
                                        David H. Chao
14                                      BIRD, MARELLA, BOXER, WOLPERT,
                                        NESSIM, DROOKS, LINCENBERG &
15                                      RHOW, P.C.
16

17
                                        By: */s/ Ekwan E. Rhow*
18                                          Ekwan E. Rhow
19                                          Attorneys for Plaintiff
                                            PUBLIC STORAGE
20

21

22

23

24

25

26

27

28

1    **<u>DEMAND FOR JURY TRIAL</u>**

2         Plaintiff Public Storage hereby demands trial by jury on all issues in the

3    above-captioned action that are so triable.

4

5    Dated:  April 3, 2015                    Respectfully submitted,

6

7                                            Ekwan E. Rhow
                                             Hernan D. Vera
8                                            David H. Chao
                                             BIRD, MARELLA, BOXER, WOLPERT,
9                                            NESSIM, DROOKS, LINCENBERG &
                                             RHOW, P.C.
10

11

12                                           By: */s/ Ekwan E. Rhow*
                                                 Ekwan E. Rhow
13                                               Attorneys for Plaintiff
                                                 PUBLIC STORAGE
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28